**Faith Pinnock LEE et al., Plaintiffs,**

v.

**PHELAN HALLINAN, PLC, Defendant.**

**Case No. 14–60154–CV.**

United States District Court,
S.D. Florida.

Signed Nov. 20, 2014.

Scott David Owens, Scott D. Owens, P.A., Hollywood, FL, Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

Wendy J. Stein, Dena Beth Sacharow, Stephanie Marie Michel, Keller Landsberg PA, Fort Lauderdale, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

DANIEL T. K. HURLEY, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Strike the Affidavit and Documents Prepared by Defendant's Expert, Michael J. Stephano [ECF No. 32]. In this putative class-action suit under the Fair Debt Collection Practices Act, Defendant filed its Motion for Partial Summary Judgment [ECF No. 27] on October 24, 2014. To support its motion, Defendant produced the affidavit of Michael J. Stephano and a Balance Sheet he prepared for Defendant Phelan Hallinan, PLC. Michael J. Stephano is a member and accountant at Stephano Slack LLC, who was retained by Defendant after Plaintiffs filed their suit. To prepare the Balance Sheet, Mr. Stephano performed an independent audit of Defendant in accordance with generally accepted accounting principles (GAAP). Plaintiffs move to strike the affidavit of Mr. Stephano and the Balance Sheet, arguing that Defendant had failed to timely disclose Mr. Stephano and identify him as an expert witness. Defendant has not responded to Plaintiffs' motion, and its time to do so has expired.

### DISCUSSION

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). "If a party fails to provide information or identify a witness a required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *OFS Fitel, LLC v. Ep-*

*stein, Becker & Green, P.C.,* 549 F.3d 1344, 1363 (11th Cir.2008). Rule 702 governs the admissibility of opinion testimony by "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education. . . ." Only an expert witness may "testify in the form of an opinion . . . that is . . . based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

Defendant's Rule 26(a)(2) Expert Testimony Disclosures were due 150 days before the January 26, 2015 calendar call, or August 28, 2014. *See* Trial Scheduling Order [ECF No. 11]. Plaintiffs assert that Defendant did not disclose Mr. Stephano or identify him as an expert witness before October 27, 2014, the day Defendant provided its initial Rule 26(a)(1)(A) disclosures. Defendant does not controvert Plaintiffs' assertion.

Mr. Stephano is an accountant, providing his opinion on Defendant's net worth based on his knowledge of GAAP. As such, Mr. Stephano is an expert witness testifying in the form of an opinion based on specialized knowledge. *See e.g., Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC,* No. 08cv1559 BTM (WMc), 2010 WL 3894966, at *2 (S.D.Cal.2010) (holding that a forensic accountant is an expert witness, not a lay witness). Mr. Stephano is not, by contrast, an employee of Defendant whose opinion is admitted "because of the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701, advisory committee notes (2000); *see e.g., Allied Sys., Ltd. v. Teamsters Auto. Transp. Chauffeurs,* 304 F.3d 785, 792 (8th Cir.2002). By failing to disclose to Plaintiffs the identity of Mr. Stephano, Defendant violated the timeline requirements of Federal Rule of Civil Procedure 26(a)(2)(D) and the Court's Trial Scheduling Order. Therefore, under Rule 37(c)(1), Defendant cannot rely on Mr. Stephano's testimony unless Defendant's failure was harmless or substantially justified.

Defendant, by not responding to Plaintiffs' Motion to Strike, has not proffered any substantial justification for its failure. Neither can the Court find Defendant's failure harmless. Defendant moves for partial summary judgment on the issue of whether the damages for the unnamed class-action plaintiffs should be capped at less than $500,000. Under the Fair Debt Collection Practices, damages for unnamed plaintiffs in a class action lawsuits are capped at "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *See* 15 U.S.C. § 1692k(a)(2). To prove its negative net worth, Defendant relies upon the expert testimony of Mr. Stephano, and argues that because it has a negative net worth, a $5,000 award for all the unnamed plaintiffs would be reasonable. Mr. Stephano's testimony is therefore integral to Defendant's argument. By failing to identify Mr. Stephano, Plaintiffs were given no opportunity to provide a rebuttal report or to depose Mr. Stephano.

This is not a case in which Defendant put Plaintiffs on notice it would argue that it had a negative net worth, or that it would provide evidence for that assertion. Had it, this may have been "a case where the plaintiff knew all the facts anyway," *see OFS Fitel, LLC,* 549 F.3d at 1363, for Plaintiff would have known that Defendant would provide some evidence of its negative net worth. But, on these facts, the Court cannot find Defendant's failure to identify its expert was harmless. Plaintiffs had no opportunity to prepare a defense against Defendant's evidence in its Motion for Partial Summary Judgment. Accordingly, for failing to comply with Federal Rule of Civil Procedure 26(a)(2)(D), as well as the Court's Trial Scheduling Order, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Plaintiffs' Motion to Strike the Affidavit and Documents Prepared by Defendant's Expert, Michael J. Stephano [ECF No. 32] is **GRANTED.**

   a. Exhibit 2 (Stephano Aff., redacted) of Plaintiff's Motion for Partial Summary Judgment [ECF No. 27] is **STRICKEN.**

   b. Exhibit 2 (Stephano Aff.) and Exhibit 2–A (Balance Sheet) of Defendant's Motion for Leave to File Documents Under Seal [ECF No. 31] are **STRICKEN.**

2. Plaintiff's Request for Oral Argument [ECF No. 33] on the present motion is **DENIED.**